## Dudley *vs* Porter.

### APPEAL FROM THE FLEMING CIRCUIT.

#### Attachment in Chancery.

CHANCERY.

*Case* 112.

[The facts presented by the record in this cause are briefly the following: Thomas Porter holding several notes on Joseph Dudley, amounting together, to nearly $4000, the last of which fell due on the 1st January, 1840, on the 17th March, 1840, filed his bill in Chancery praying an attachment against the property of said Dudley, on the alleged ground that Dudley, since the note had

DUDLEY
vs
PORTER.

become due, had left the state and been absent, whilst one term of the Fleming Circuit Court had elapsed, so that it was impracticable for complainant to sue at law and procure a judgment. The attachment was granted and property seized by the sheriff; but before the hearing Dudley answered, contesting the propriety of the proceeding by attachment, on the ground that the debts due to complainant were all due before he left the state, and that he (Dudley,) might have been sued at law before he left. The allegations of the parties show that Dudley left the state about the 30th January, 1840, with the knowledge of Porter.

The Circuit Court rendered a decree in favor of complainant, and directed a sale of the attached property; from which defendant appealed—where, after duly considering the questions presented by the assignment of errors JUDGE EWING, on the 17th April, 1841, delivered the following opinion :                          REPORTER.]

Courts of equity may award attachments against an absent debtor, tho' the debts be due and the debtor might have been sued before he left the state, provided he remain absent until one term of the Court elapse in the county of his residence.

WE cannot come to the conclusion that if the service of the ordinary process of law, was practicable at any time during the vacation preceding the term at which the debtor was absent, that the creditor could not avail himself of this remedy: such is not the language of the statute, and it might, with equal propriety, be contended, that if the service of legal process was, at any time previous to the absence, practicable, that the creditor was not entitled to this remedy. If so, the remedy is withheld from the indulgent creditor while it is afforded to those of less indulgence; or it is withheld from those whose debts have been a long time due, while it may be taken by those whose debts have just fallen due before the commencement of the term which has intervened, as it would be literally impracticable for such latter creditor to serve legal process.

If we have a right to interpolate in the statute, *the whole previous vacation* in which process might have been served, we may also interpolate the whole time that intervened after the debt fell due, and before the debtor left the state. The literal import of the statute is, that if a term has intervened during the absence of the debtor,

and the service of legal process has been impracticable during the same time, which is during his absence, the remedy is given; but if the statute be so interpreted as to allow a time, long enough, before the commencement of the term, to have enabled the creditor, in case his debt was due, to have served process before the defendant absented himself, so as to obtain judgment at the term that intervened, then there was full time, in this case, to have had process served, and it might have been served, had the defendant not departed, and was rendered therefore impracticable to be served, so as to obtain judgment at the March term, by the absence of the defendant: so that whether this, or the literal import of the statute be adopted, the decree was right and must be affirmed with costs, &c.

*Hord* for appellant: *Owsley* for appellee.